UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(*Northern Division*)

| | | |
|---|---|---|
| **TINDALL CORPORATION** <br> 2273 Hayne Street <br> Spartanburg, SC 29301 <br><br> Plaintiff, <br><br> v. <br><br> **FIDELITY AND DEPOSIT COMPANY OF MARYLAND** <br> 1400 American Lane, Tower 1 <br> 18th Floor <br> Schaumburg, IL 60196 <br><br> SERVE ON: <br><br> Maryland Insurance Commissioner <br> 200 St. Paul Place, Suite 2700 <br> Baltimore, MD 21202 <br><br> and <br><br> **FIDELITY AND DEPOSIT COMPANY OF MARYLAND** <br> 600 Red Brook Blvd <br> Owings Mills, MD 21117 <br><br> SERVE ON: <br><br> CSC-Lawyers Incorporating Svc. Co. <br> 7 St. Paul Street, Suite 820 <br> Baltimore MD 21202 <br><br> Defendant. <br><br> and | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | **Civil Action No.:** |

**ZURICH AMERICAN INSURANCE CO.**
1400 American Lane, Tower 1                    *
18th Floor
Schaumburg, IL 60196                           *

    SERVE ON:                                *

    Maryland Insurance Commissioner          *
    200 St. Paul Place, Suite 2700
    Baltimore, MD 21202                      *

    Defendant.                               *

                                              *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff, Tindall Corporation ("Tindall"), by and through counsel, Tracy L. Steedman, Geoffrey W. Washington, and Adelberg, Rudow, Dorf & Hendler, LLC, sues Defendants, Fidelity and Deposit Company of Maryland ("F&D") and Zurich American Insurance Company ("Zurich") to recover on a payment bond, and for its reasons and cause of action, states as follows:

### JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), by virtue of: i) complete diversity of citizenship between Plaintiff and Defendants, and, ii) the amount in controversy, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars and No Cents ($75,000.00).

2.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Defendants transact business in Maryland and are subject to the Court's personal jurisdiction with respect to this action.

## PARTIES

3.      Plaintiff, Tindall is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in Spartanburg, South Carolina.

4.      Defendant, F&D, is an insurance company registered and authorized to do business in the State of Maryland. F&D is organized under the laws of the State of Maryland and conducts the business of providing payment and performance bonds and other surety-related products in the State of Maryland, and has offices located in Baltimore County, Maryland.

5.      Defendant, Zurich, is an insurance company is registered and authorized to do business in the State of Maryland. Zurich is organized and existing under the laws of the State of Illinois/New York and conducts the business of providing payment and performance bonds and other surety-related products in the State of Maryland.

## FACTUAL ALLEGATIONS

6.      The Maryland Department of General Services ("MD DGS") owns a project commonly referred to as "New Catonsville District Court", located in Baltimore County (the "Project"). Costello Construction, Inc. ("CCI") contracted with MD DGS to serve as the general contractor on the Project.

7.      As a condition of CCI's agreement with MD DGS, and in accordance with. Md. Code Ann., State Fin. And Proc., § 17-103 ("Little Miller Act"), CCI was required to provide MD DGS with a payment bond. Accordingly, CCI, as principal, and F&D and Zurich, as

sureties, executed and delivered to MD DGS Payment Bond No. 09225630 (the "Payment Bond"). A copy of the Payment Bond is attached hereto as **Exhibit 1**.

8. The obligation of F&D and Zurich is set forth in the Payment Bond as follows:

> [W]e, the Principal [CCI] and Surety [F&D and Zurich] . . . are held and firmly bound unto the Obligee [MD DGS], for the use and benefit of claimants, . . . in the Penal Sum of this Payment Bond [54,485,000] for the payment of which Penal Sum we bind ourselves, . . . jointly and severally.
>
> [T]he condition of this obligation is such that if the Principal shall promptly make payment to all claimants . . . for all labor and materials furnished, supplied and reasonably required for use in the performance of the Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.
>
> [A]claimant is defined to be any and all of those persons supplying labor and materials . . . to the Principal or its subcontractors and subcontractors in the prosecution of the work provided for in the Contract, entitled to the protection provided by Section 9-113 of the Real Property Article of the Annotated Code of Maryland from time to time amended.
>
> The above named Principal and Suret[ies] hereby jointly and severally agree with the Obligee that every claimant . . . who has not been paid in full may . . . prosecute the suit to final judgment for such sum or sums it may be justly due claimant and have execution thereon.

9. In anticipation of performing the work on the Project, CCI subcontracted with VD&C.

10. VD&C, in anticipation of performing the work under its subcontract with CCI, entered into a subcontract with Tindall, whereby Tindall agreed to perform the labor and supply materials and related work and services for the construction of the precast concrete parking structure for the Project in exchange for payment in the amount of $2,701,500.00 (the

"Subcontract"). A copy of the Subcontract is attached hereto as **Exhibit 2**, and the Subcontract Sum can be found at Article 9.

11. During the progress of construction, CCI and/or VD&C requested and directed Tindall to perform changes, extras and additional work on the Project totaling $28,688, thereby increasing the Subcontract Sum to $2,729,688.00. Copies of the Changes Orders for work performed are attached hereto as **Exhibit 3**.

12. Tindall, in good faith and with diligence, performed and completed all required work, including all changes and extras as directed and requested by CCI and/or VD&C. Copies of the unpaid Payment Applications are attached hereto as **Exhibit 4**.

13. To date, VD&C has made partial payments to Tindall totaling $2,515,634.00, leaving the principal sum of $214,054.00, including retainage in the amount of $136,484.40, due and owing to Tindall.

14. Despite several demands for payment, VD&C has failed to pay Tindall for its work on the Project.

15. Due to nonpayment, Tindall sent a notice of its claim on the Payment Bond to F&D and Zurich on or about November 22, 2019. A copy of the Notice, along with proof of service, is attached hereto as **Exhibit 5**. To date, F&D and Zurich have not responded to Tindall's claim.

16. F&D and/or Zurich, despite their obligations under the Payment Bond, have failed to make payment for Tindall's claim of the outstanding Subcontract balance of $214,054.00 without explanation.

17. Upon information and belief, by virtue of their lack of responses to the notice of claim, F&D and/or Zurich have failed to fulfill their obligation to conduct an independent investigation into Tindall's claims, and therefore, have provided no independent basis for failing to make payments for the claimed amount due.

18. The Payment Bond is in place and required by Maryland Law to ensure payment to subcontractors and suppliers, and to protect the MD DGS from CCI or VD&C's failure to pay their subcontractors and suppliers, including Tindall.

19. F&D and Zurich's obligations under the Payment Bond have been triggered and failure to issue payment is a failure to fulfill its contractual obligations to Tindall as proper bond claimant.

## COUNT I
(Action on Payment Bond – F&D and Zurich)

20. Tindall incorporates by reference the averments in Paragraphs One (1) through Twenty-One (21) above as if fully restated herein.

21. Tindall performed work and services and provided materials on behalf of VD&C to the Project totaling $2,729,688.00.

22. F&D and Zurich issued the Payment Bond for the Project in accordance with MD DGS contract with CCI and Maryland law. See Ex. 1.

23. VD&C has failed to pay the outstanding Subcontract balance of $214,054 despite repeated demands. As a result, Tindall's Bond rights were triggered and it notified F&D and Zurich of VD&C's nonpayment and claims for payment.

24. F&D and Zurich have failed to make payment of any of the sums due and owing to Tindall.

25. Tindall is a proper claimant under the Payment Bond and the Little Miller Act and is entitled to the protection provided by Section 9-113 of the Real Property Article of the Annotated Code of Maryland.

26. F&D and Zurich have independent obligations as sureties to investigate and make payments to claimants such as Tindall, have not disputed the claimed amount, and therefore, are liable to Tindall in the amount of at least $214,054.

27. All conditions precedent to the relief requested have occurred and been satisfied, have been performed, have been excused, or have been waived and Tindall is entitled to recover under the Payment Bond.

**WHEREFORE**, Plaintiff, Tindall Corporation, requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendants Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company, jointly and severally, in an amount that exceeds $75,000, plus statutory and prejudgment interest, post-judgment interest, and other costs allowed by statute, and such other and further relief as the Court deems just.

Respectfully submitted,

/s/
Tracy L. Steedman (No. 27420)
Geoffrey W. Washington (No. 25098)
Adelberg, Rudow, Dorf & Hendler, LLC
7 Saint Paul Street, Suite 600
Baltimore, MD 21202
410.986.0822  *phone*
410.986.0823  *facsimile*
tsteedman@adelberg.com
gwashington@adelberg.com

*Counsel for Plaintiff,*
*Tindall Corporation*